IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Criminal No. 16-3597 KBM

JETSUN McCAIN,

        Defendant.

# MEMORANDUM OPINION AND ORDER RE:
# CREDIT FOR TIME SERVED

On March 7, 2017, Magistrate Judge William P. Lynch sentenced McCain on a misdemeanor conviction for attempted unlawful taking of a motor vehicle ("the underlying offense"). The judgment entered by Judge Lynch reflects a sentence of "imprisonment for a total term of:**106 plus 3 days or time served, whichever is less**" to be followed by "supervised release for a term of: **1 year.**" *(Judgment, Doc. 68 at 2-3).*

Probation filed a petition alleging that Defendant McCain violated the terms of supervised release by testing positive for methamphetamine on more than three occasions over the course of one year. *See Doc. 82.* Under those circumstances, 18 U.S.C. § 3583(g)(4) provides that "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)." In the case of a misdemeanor underlying offense, that maximum term is capped at one year. 18 U.S.C. § 3583(e)(3).

At the October 25, 2017 final revocation hearing, the Court approved the request of the supervising Probation Officer to order a local psychological examination to assist Probation in providing the assistance Defendant McCain will need to successfully complete another term of supervised release. Defendant objected and maintains that the time necessary to complete the examination will exceed the maximum one-year term imposed by § 3583(e)(3). Specifically, Defendant maintains that he should receive credit for time served not only in detention in connection with these revocation proceedings but also his time in custody on the underlying offense. The Court therefore ordered supplemental briefing on the issue of whether credit spent in detention on an underlying offense can count toward the sentence imposed on a supervised release violation.

When the court sentences a defendant to a term of probation *rather than* imprisonment, any time spent in detention in connection with the underlying offense counts towards the maximum term of incarceration that can be imposed upon revocation of that probation. On the other hand, a term of supervised release is imposed *in addition* to a term of imprisonment. Upon revocation of a term of supervised release, "Title 18 U.S.C. § 3583(h) provides for a maximum term that is calculated by subtracting only "any term of imprisonment that was imposed upon *revocation* of supervised release.'" *United States v. Cade*, 236 F.3d 463, 467 (9th Cir. 2000) (emphasis in original).

Thus, time in custody on the underlying charge cannot be deducted as time already served on the revocation charge. In fact, ""if a defendant repeatedly violates the conditions of supervised release, the court may repeatedly impose new terms of

2

supervised release without credit for time served on supervised release." *United States v. Cade,* 236 F.3d 463, 467 (9th Cir.2000) (citing 18 U.S.C. § 3583(e)(3), (h)).

Perhaps realizing this distinction between probation and supervised release, Defendant contends that "though the plea agreement states an agreed upon sentence of 'supervised release,' [ ] the structure of Defendant's sentence leads to the conclusion that he was actually sentenced to probation." *Doc. 100* at 1, n.1. But the Judgment entered by Judge Lynch is unambiguous – Defendant McCain was sentenced to the time he had served in detention in connection with his arrest on the underlying charge *and* given a one-year term of supervised release. Therefore, his argument fails, and time spent in custody on the underlying charge cannot count towards the absolute one-year time limit for a revocation sentence. Nevertheless, the Court may properly consider it as one of the many factors in determining the appropriate sentence for the supervised release violation. *U.S. v. Medrano-Gonzalez*, 751 F. Supp. 931 (D. Kans. 1990).

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE